**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MARK A. KING**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 27 2012, 9:49 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

AYMAN ELDOSOUGI,                        )
                                       )
    Appellant-Defendant,                )
                                       )
         vs.                          )    No. 49A02-1202-CR-103
                                       )
STATE OF INDIANA,                       )
                                       )
    Appellee-Plaintiff.                 )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Clark H. Rogers, Judge
Cause No. 49G17-1010-CM-78039

**August 27, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Ayman Eldosougi appeals his conviction of Class A misdemeanor domestic battery.[1] Eldosougi argues there was insufficient evidence to support his conviction. We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 9, 2010, H.E. went out to celebrate a friend's birthday. H.E.'s husband, Eldosougi, joined them later in the evening, but left the party and went home after a couple of hours. After the party, H.E. went to her mother's house to spend the night and then returned to her home on the morning of October 10, 2010. When she arrived home, Eldosougi was angry, yelled at H.E. for being late, shoved H.E., kicked her in the stomach, and hit her with a metal broom with such force that it bent the broom. H.E. left home and called the police from a neighbor's house. The police arrived, interviewed H.E., and arrested Eldosougi.

The State charged Eldosougi with one count of Class A misdemeanor domestic battery. The trial court conducted a bench trial and found Eldosougi guilty. The court sentenced Eldosougi to 365 days in jail, with credit for time served and the remainder suspended to 180 days probation.

## DISCUSSION AND DECISION

When reviewing sufficiency of evidence, we neither reweigh the evidence nor judge the credibility of the witnesses, and we respect the factfinder's "exclusive province to weigh conflicting evidence." *Alkhalidi v. State*, 753 N.E.2d 627, 635 (Ind. 2001). We "consider only the probative evidence and reasonable inferences supporting the verdict." *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). We affirm "if the probative evidence and reasonable

---

[1] Ind. Code 35-42-2-1.3(a).

inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *Tobar v. State*, 740 N.E.2d 109, 112 (Ind. 2000).

To convict him of domestic battery, the State had to prove Eldosougi knowingly or intentionally touched H.E., his spouse, in a rude, insolent, or angry manner that resulted in bodily injury. Ind. Code § 35-42-2-1.3(a). We affirm a conviction of battery so long as there is evidence of touching, however slight. *Mishler v. State*, 660 N.E.2d 343, 348 (Ind. Ct. App. 1996). Bodily injury is "any impairment of physical condition, including physical pain." Ind. Code § 35-41-1-4.

Eldosougi claims the State's evidence was insufficient because H.E. was the only witness. However, a conviction may rest on the uncorroborated testimony of the victim. *Ferrell v. State*, 565 N.E.2d 1070, 1072-73 (Ind. 1991). H.E. testified Eldosougi, while angry, pushed, shoved, struck, and kicked her. She stated, "It was the most intense pain I've ever felt." (Tr. at 16.) Based on her testimony, it was reasonable for the trial court to find beyond a reasonable doubt that Eldosougi intentionally touched H.E. in an angry manner that resulted in bodily injury. Therefore, we affirm his conviction of domestic battery.

Affirmed.

KIRSCH, J., and NAJAM, J., concur.